UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID JACKSON,                                                    PLAINTIFF

V.                                        CIVIL ACTION NO. 1:19-CV-00332-LG-RPM

COMMISSIONER PELICIA
T. HALL, ET AL.                                                 DEFENDANTS

## REPORT AND RECOMMENDATIONS

## I.      INTRODUCTION

On June 20, 2019, plaintiff David Jackson ("plaintiff"), proceeding *pro se* and *in forma pauperis*,[1] filed a 42 U.S.C. § 1983 ("Section 1983") prisoner civil rights Complaint alleging that defendants Pelicia Hall ("Hall"), Joe Errington ("Errington"), Gloria Perry ("Perry"), Centurion of Mississippi, and Ronald Woodall, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. *Id.*, at 6. On March 3, 2020, the Court held an Omnibus hearing. On April 1, 2020, defendants Hall, Errington, and Perry (collectively, "defendants") filed the present Rule 12(c) motion for judgment on the pleadings. Doc. [45]. On April 9, 2020, the plaintiff filed opposition to this motion. Doc. [51].

## II.     ARGUMENTS

The defendants argue that the Complaint should be dismissed on the pleadings, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. *See* Doc. [45, 46]. In support of this argument, the defendants begin by arguing that the plaintiff conceded that he had three strikes in the Complaint. Doc. [46], at 3–4. In turn, the defendants argue, the plaintiff must show "imminent

---

[1] On September 18, 2019, the Court tentatively granted the plaintiff's motion to proceed *in forma pauperis*. Doc. [7].

danger" in order to proceed *in forma pauperis* under 28 U.S.C. § 1915(g).[2] *Ibid.* The defendants continue that the plaintiff was not credible at the Omnibus hearing and the facts alleged in the Complaint allegedly showing imminent danger, i.e. ongoing suffering from Hepatitis C and degenerative joint disease ("DJD"), are otherwise legally insufficient to warrant *in forma pauperis* status. *Id.*, at 4–5. For these reasons, the defendants conclude, the plaintiff's *in forma pauperis* status should be revoked and the Complaint be dismissed. *Ibid.*

In opposition, the plaintiff makes four arguments. First, the plaintiff argues that the defendants failed to prove "at the Omnibus hearing" that Hepatitis C and DJD were not serious medical conditions. Doc. [51], at 1–2. Second, the plaintiff argues that the defendants also failed to show "at the hearing" that he was receiving treatment for either condition. *Ibid.* Third, the plaintiff argues that his Hepatitis C has worsened since the hearing. *Id.*, at 2–3. Finally, the plaintiff argues that the defendants failed to dismiss the Complaint "at the hearing." *Id.*, at 3. For these reasons, the plaintiff argues, the defendants' motion should be denied.

### III.    <u>STANDARD OF REVIEW</u>

The standard of review under Rule 12(c)[3] is "identical to the standard Rule 12(b)(6) motions to dismiss for failure to state a claim." *Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)). *See also Johnson v. Johnson*, 385 F.3d

---

[2] In full, Section 1915(g) states:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

> [28 U.S.C. § 1915(g).]

[3] The Court clarifies that any reference to Rule 12(c) in this motion refers to a judgment on the pleadings for failure to state a claim, similar to Rule 12(b)(6).

503, 529 (5th Cir. 2004). In turn, "the court 'must accept all well-pleaded facts as true, and [] view them in the light most favorable to the plaintiff.'" *Covington v. City of Madisonville, Texas*, 812 F. App'x 219, 223–24 (5th Cir. 2020) (quoting *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992)). When reviewing a motion for judgment on the pleadings, the court "'must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'" *Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007)).

Furthermore, to survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, [however,] supported by mere conclusory statements, do not suffice[]" as factual allegations but rather are viewed as legal conclusions couched as factual allegations. *Id.* (citations omitted).

## IV.    ANALYSIS

The threshold issue before the Court is whether the defendants can move to dismiss the Complaint under Rule 12(c) while solely relying on a Section 1915(g) revocation argument.

"To help staunch a 'flood of nonmeritorious' prisoner litigation, the Prison Litigation Reform Act of 1995 (PLRA) established what has become known as the three-strikes rule." *Lomax v. Ortiz-*

*Marquez*, 140 S.Ct. 1721, 1723, 207 L.Ed.2d 132 (2020) (quoting *Jones v. Bock*, 549 U.S. 199, 203, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007)). Section 1915(g) generally prevents a plaintiff from proceeding *in forma pauperis*, i.e. "without first paying the filing fee[,] . . . if he has had three or more prior suits 'dismissed on the grounds that [they were] frivolous, malicious, or fail[ed] to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)). *See also Brager v. Texas Bd. of Pardons & Paroles*, 623 F. App'x 250, 250 (5th Cir. 2015) (noting that Section 1915(g) bars plaintiff from proceeding *in forma pauperis*). As such, a plaintiff with three strikes is barred from the statutory privilege of proceeding *in forma pauperis* absent "imminent danger of serious physical injury." *Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998). Nevertheless, Section 1915(g) "merely prohibits [a plaintiff] from enjoying IFP status[,] . . . [h]e still has the right to file suits if he pays the full filing fees in advance, just like everyone else.'" *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997). The Court recognizes the practical significance of revocation.[4] However, revocation of *in forma pauperis* status under Section 1915(g) does not itself address a plaintiff's claims. *See, e.g., Gibbs v. Shivers*, No. 3:15–CV–867–DPJ–FKB, 2016 WL 7435957, at *2 (S.D. Miss. Dec. 23, 2016).[5] Therefore, Rule 12(b)(6), Rule 12(c),[6] and Rule 56 are not appropriate vehicles for revoking *in forma pauperis* status. *See* Fed. R. Civ. P. 12; Fed. R. Civ. P. 56. *See also Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d

---

[4] Failure to pay the filing fee is grounds for dismissal without prejudice for failure to prosecute. *See* Fed. R. Civ. P. 41(b). *See also Franks v. D.F. Fondren*, No. 3:02–CV–1067–H, 2002 WL 1968212, at *1 (N.D. Tex. Aug. 19, 2002).

[5] This proposition is well-established. *See, e.g., Watts v. Pickett*, No. 5:17–CV–38–DCB–MTP, 2018 WL 1865175, at *2 (S.D. Miss. Apr. 18, 2018) ("Courts routinely revoke tentatively-granted IFP status when facts developed post-complaint show that the plaintiff was not in imminent danger on the date he filed suit."); *Johnson v. Abangan*, No. 3:17–CV–102–DPJ–FKB, 2018 WL 1352275, at *2 (S.D. Miss. Mar. 15, 2018) ("Johnson's *in forma pauperis* status is revoked; if he wishes to continue this lawsuit, he must pay the filing fee within sixty days. Failure to do so will result in dismissal without further notice.").

[6] While Rule 12(c) does not expressly use the term "claim," it is beyond dispute that the Court Rule is used to dispose of claims. *See, e.g., Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) ("A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts."). *See also Rodriguez v. CHRISTUS Spohn Health Sys. Corp.*, 874 F. Supp. 2d 635, 653 (S.D. Tex. 2012).

193, 200 (5th Cir. 2016) (motion to dismiss for failure to state a claim adjudicates merits of claim);[7]

*Hebert Abstract Co., Inc. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (motion

for judgment on the pleadings for failure to state a claim adjudicates merits of claim);[8] *Rivera v.*

*PNS Stores, Inc.*, 647 F.3d 188, 194 (5th Cir. 2011) (motion for summary judgment adjudicates

merits of claim).[9]

The distinction between a motion to revoke under Section 1915(g) and Rule 12(c) is not a mere

exercise in formalism. Critically, revocation of *in forma pauperis* status under Section 1915(g)

alone does not constitute an adjudication on the merits, *Banos*, 144 F.3d at 884, unlike a Rule 12(c)

motion, *Hebert Abstract Co., Inc.*, 914 F.2d at 76. Instead, the plaintiff must simply "pay[] the full

filing fees in advance, just like everyone else.'" *Carson*, 112 F.3d at 821. Therefore, revocation

under Section 1915(g) leaves the plaintiff's claims intact and allows him the opportunity to pay

the filing fee and to proceed. *See*, *e.g.*, *Gibbs*, 2016 WL 7435957, at *2. Dismissal of the Complaint

under Rule 12(c), on Section 1915(g) grounds, would deny the plaintiff this opportunity and is

plainly prejudicial.

For these reasons, a defendant cannot move for judgment on the pleadings under Section

1915(g) alone.

Nevertheless, "a court is not bound by how a party labels its motion." *Effjohn Int'l Cruise*

*Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 560 (5th Cir. 2003). "The relief sought, that to be

granted, or within the power of the Court to grant, should be determined by substance, not a label."

*Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) (quoting *Bros Inc. v. W.E.*

---

[7] *See also Hall v. Tower Land & Inv. Co.*, 512 F.2d 481, 482–83 (5th Cir. 1975); *Cruz v. Delgado*, No. CV H–16–3568, 2018 WL 10455838, at *1 n.1 (S.D. Tex. Feb. 5, 2018).
[8] *See also Bracken v. Welborn*, No. CV 20–72–SDD–EWD, 2021 WL 237693, at *3 (M.D. La. Jan. 25, 2021); *Weidner v. Nationwide Prop. & Casualty Ins. Co.*, No. 4:13–CV–263, 2014 WL 8494527, at *1 (E.D. Tex. Aug. 19, 2014); *Williams v. Ballard*, No. CIV.A.3:02–CV–0270–M, 2003 WL 21659388, at *1 (N.D. Tex. Mar. 31, 2003).
[9] *See also Louisiana Envtl. Action Network v. Exxon Mobil Corp.*, No. CV 16–144–SDD–RLB, 2017 WL 2771528, at *3 (M.D. La. Jan. 19, 2017).

*Grace Mfg. Co.*, 320 F.2d 594, 606 (5th Cir. 1963)). Stated differently, the "nature of a motion is determined by its substance and not the label attached to it." *Rosado v. Johnson*, 589 F. Supp. 2d 398, 400 (S.D.N.Y. 2008) (citing *Effjohn Int'l Cruise Holdings, Inc.*, 346 F.3d at 560). This principle is "more than well-established." *Effjohn Int'l Cruise Holdings, Inc.*, 346 F.3d at 560 (citing *United States v. Buck*, 281 F.3d 1336, 1342 (10th Cir. 2002)). Though, the principle is inappropriate to apply where it will result in prejudice to a party. *See*, *e.g.*, *Reiter v. Dopazo*, No. 91 CIV. 8050 (CSH), 1995 WL 239059, at *7 n.2 (S.D.N.Y. Apr. 24, 1995). *See also Wyatt v. Fed. Commc'ns Comm'n*, No. 15–CV–1935, 2016 WL 4919958, at *2 n.2 (S.D.N.Y. Sept. 14, 2016) (untimeliness of motion); *Seales v. Shaw*, No. 5:15–CV–59–KS–MTP, 2016 WL 616749, at *1 (S.D. Miss. Jan. 26, 2016) (conversion of motion to dismiss to summary judgment motion), *report and recommendation adopted sub nom. Seales v. Wilkinson Cty. Corr. Facility*, No. 5:15–CV–59–KS–MTP, 2016 WL 616385 (S.D. Miss. Feb. 16, 2016). Finally, since the plaintiff is proceeding *pro se*, his pleadings are viewed "more leniently," *Chhim v. Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016), and subject to "less stringent standards," *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). By extent, courts routinely afford a liberal construction to motions filed by *pro se* parties. *See*, *e.g.*, *United States v. Ancelmo*, 742 F. App'x 855, 856–57 (5th Cir. 2018) (liberally construing *pro se* prisoner's motion for evidentiary hearing as motion to vacate). *See also Hernandez v. Thaler*, 630 F.3d 420, 426–27 (5th Cir. 2011) (applying principle to *pro se* habeas petition); *United States v. Flores*, 380 F. App'x 371, 372 (5th Cir. 2010) (applying principle to convert *pro se* prisoner's Rule 60(b) motion into 28 U.S.C. § 2255 motion); *Hall v. Cain*, 201 F. App'x 993, 993 (5th Cir. 2006) (per curiam) (liberally construing objections to report and recommendation as motion to amend complaint); *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (same); *Watkins v. Klein ISD*, No. CV H–16–3223, 2017 WL 3008597, at *1 (S.D. Tex.

July 14, 2017) (construing ambiguous *pro se* motion as arising under Rule 59(e)); *White v. King*, No. CIV A 207–CV–305–MTP, 2009 WL 901617, at *1 (S.D. Miss. Mar. 31, 2009) (liberally construing letter as motion for trial transcript); *Street v. Harrison*, No. 5:10–CT–3172–BO, 2012 WL 113543, at *1 n.1 (E.D.N.C. Jan. 13, 2012) (construing motion to amend as motion to dismiss). As a corollary, the Court necessarily requires more scrupulous compliance with motion labelling where the non-moving party is proceeding *pro se*.

Here, the defendants brought a motion labelled as one for judgment on the pleadings. *See* Doc. [45]. In their supporting brief, the defendants put forth the Rule 12(c) standard of review. Doc. [46], at 2. Further, the defendants' sought relief in the motion is dismissal, not simply revocation under Section 1915(g). *See*, *e.g.*, *Watts*, 2018 WL 1865175, at *2 (revoking plaintiff's *in forma pauperis* status and giving set period of time to pay filing fee before dismissal for failure to prosecute); *Gordon v. Fisher*, No. 3:15–CV–592–DPJ–FKB, 2016 WL 11268857, at *1 (S.D. Miss. Oct. 17, 2016) (same), *report and recommendation adopted*, No. 3:15–CV–592–DPJ–FKB, 2016 WL 11268858 (S.D. Miss. Nov. 8, 2016); *Davis v. Granger*, No. 2:12–CV–1746, 2015 WL 1800251, at *3 (W.D. La. Apr. 15, 2015) (same). Moreover, the nonmoving party is proceeding *pro se*, requiring stricter compliance with motion labelling. Finally, the defendants' failure to correctly label the motion results in some prejudice to the *pro se* plaintiff by creating confusion about how to reply to the motion. For these reasons, the Court declines to construe the present motion as one to revoke IFP.[10]

---

[10] Even assuming *arguendo* that the Court converted the motion, the defendants' present motion did not make a sufficient argument to warrant revocation of *in forma pauperis* status. Doc. [45]. The present motion includes two arguments. First, the defendants generally argue that the plaintiff's "credibility" at the Omnibus hearing mandates revocation. Doc. [46], at 3–4. While a credibility determination is proper to consider in the context of revoking IFP, a conclusory statement that the plaintiff was not credible at the hearing is insufficient. *See*, *e.g.*, *Wilson v. Barrientos*, 926 F.2d 480, 483 (5th Cir. 1991), *on reh'g* (Apr. 10, 1991). *See also Harvey v. Maxey*, 45 F. App'x 319, 319 (5th Cir. 2002). Second, the defendants suggested that allegations of imminent harm based on Hepatitis C alone is *per se* insufficient to meet the "imminent danger" requirement. Doc. [46], at 3–4. There is no *per se* rule to this effect in the Fifth Circuit, though courts in this Circuit routinely find that infection with Hepatitis C, without more, is insufficient

For these reasons, the defendants' motion would also fail, at this time, on the merits.

## RECOMMENDATION

Based on the foregoing, the undersigned recommends that the defendants' motion for judgment on the pleadings be denied in its entirety.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties. A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that have been accepted by the district court and for which there is no written objection.  *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

**SO ORDERED AND ADJUDGED**, this the 3rd day of February 2021.

---

to constitute "imminent danger." *See*, *e.g.*, *Arvie v. Tanner*, No. CIV.A. 12–1638, 2012 WL 3597127, at *2 (E.D. La. Aug. 21, 2012) (collecting cases). Furthermore, a *per se* rule would be overbroad because it fails to account for the different stages of Hepatitis C. *See*, *e.g.*, *Mitchell v. Nobles*, 873 F.3d 869, 873-74 (11th Cir. 2017) (finding "imminent danger" requirement met where plaintiff with Hepatitis C started to have cirrhosis of the liver). *See also Brown v. Wolf*, 705 F. App'x 63, 66 (3d Cir. 2017) (tangible, intense symptoms worsening over time); *Ibrahim v. D.C.*, 463 F.3d 3, 6–7 (D.C. Cir. 2006) (cirrhosis of liver). In short, the defendants' arguments would also fail on the merits.

/s/ *Robert P. Myers, Jr.*
ROBERT P. MYERS, JR.
UNITED STATES MAGISTRATE JUDGE