## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**DAVID JACKSON**                                                                 **PLAINTIFF**

**v.**                                                     **CAUSE NO. 1:19CV332-LG-RPM**

**COMMISSIONER PELICIA
T. HALL, ET AL.**                                                                 **DEFENDANTS**

### ORDER ADOPTING REPORT AND RECOMMENDATION

**BEFORE THE COURT** is the [105] Report and Recommendation entered by United States Magistrate Judge Robert P. Myers in which he recommends the [86, 93] Motions for Summary Judgment filed by Defendants, Centurion of Mississippi, Ronald Woodall, Joe Errington, Pelicia Hall, and Gloria Perry, be granted. Magistrate Judge Myers also recommends that the [66] Motion for Preliminary Injunction filed by Plaintiff, David Jackson, be denied. The Defendant filed an Objection on February 14, 2022, to which Defendants Centurion of Mississippi, LLC, and Ronald Woodall responded. After a review of the record and the relevant law, the Court adopts the [105] Report and Recommendation in its entirety.

### DISCUSSION

Plaintiff filed this lawsuit claiming that the Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Plaintiff asserts that the Defendants failed to provide medical care for his degenerative joint disease. He also argues that he is not receiving care for Hepatitis C, which he allegedly contracted while incarcerated.

In the respective Motions for Summary Judgment, Defendants Hall, Errington, and Perry argue that Defendants' claims for damages should be dismissed based on sovereign immunity. They also detail how they are shielded from liability in their individual capacities under the doctrine of qualified immunity. Defendants Centurion and Woodall describe the medical care provided to Jackson, thus claiming that they did not violate his Eighth Amendment rights.

In his Report and Recommendation, Magistrate Judge Myers recounted the care Jackson received while in the custody of the Mississippi Department of Corrections. He notes that, in 2012, Jackson was transferred to the South Mississippi Correctional Institution ("SMCI") and immediately enrolled in the prison's chronic care program for Hepatitis C. SMCI routinely monitored Jackson's Hepatitis C scores which remained "normal" or "fair" and did not require further treatment. (*See* R&R, at 3-4, ECF No. 105). Magistrate Judge Myers also discussed Jackson's chronic back pain, for which prison medical staff regularly prescribed Jackson pain medication. (*See id.* at 4). Jackson would intermittently stop reporting his back pain for several months at a time. (*See id.* at 4-5). The medical staff at SMCI provided relief, including pain medication, to Jackson in response to complaints whenever it occurred. (*See id.*) In light of these findings, Magistrate Judge Myers found that Defendants Centurion and Woodall did not act deliberately indifferent in violation of the Eighth Amendment. (*See id.* at 9-10). The remaining Defendants were found to be entitled to sovereign immunity insofar as Jackson sued them in their official capacity. (*See id.* at 7-8). Any other claims were barred

under the doctrine of qualified immunity.  (*Id.* at 10-14).  Magistrate Judge Myers also addressed Jackson's Equal Protection claim, finding that his arguments failed because they were wholly conclusory.  (*Id.* at 14).

Regarding Jackson's Motion for Preliminary Injunction, Magistrate Judge Myers reviewed the claims and found that Jackson has not shown that there is a substantial likelihood of success on the merits.  (*Id.* at 15).  Any arguments in the alternative in favor of a permanent injunction were also foreclosed.  (*Id.* at 15-16). Thus, Jackson was not entitled to such relief.

On February 14, 2022, Jackson filed an Objection to the Report and Recommendation.  The basis of his Objection is that he has not received any medical treatment for his Hepatitis C.  He also argues that he has not received medication for his chronic back pain.  The lack of care, according to Jackson, amounts to deliberate indifference.  (Obj., at 7-8, ECF No. 106).  Defendants Centurion and Woodall filed a reply on February 28, 2022.

When a party objects to a report and recommendation, the Court is required to conduct a *de novo* review of that portion of the report that draws objection from any party.  28 U.S.C. § 636(b).  The Court must independently examine the record and assess the applicable law.  The district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  *Garcia v. Boldin*, 691 F.2d 1172, 1179 (5th Cir. 1982).  Here, Jackson objects to the Report and Recommendation in its entirety and reemphasizes the facts regarding his claims previously made in the underlying Complaint.  Having conducted a *de novo*

review of the Report and Recommendation, the Court concludes that Magistrate Judge Myers' findings and conclusions are correct. Thus, the Motions for Summary Judgment are granted.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [105] Report and Recommendation entered by United States Magistrate Judge Robert P. Myers is **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that the [86, 93] Motions for Summary Judgment filed by Defendants, Centurion of Mississippi, Ronald Woodall, Joe Errington, Pelicia Hall, and Gloria Perry, are **GRANTED**. Jackson's lawsuit is hereby **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 10th day of March, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE